```
RECEIPT # 57969
AMOUNT $ 150.00
SUMMONS ISSUED 3
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. M.P.
DATE 8/13/04
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LYNNE CHRISTENSEN
    Plaintiff

v.

Civil Action No.

**04  11773 WGY**

KINGSTON SCHOOL COMMITTEE, AND
GORDON L. NOSEWORTHY IN HIS PROFESSIONAL
CAPACITY AS SUPERINTENDENT
OF KINGSTON SCHOOLS,
    Defendants

MAGISTRATE JUDGE JLA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND JURY DEMAND

### Introduction

This is an action for damages, equitable, declaratory and injunctive relief arising under the United States Constitution, federal statutes, the Massachusetts Constitution, Massachusetts statutes, and Massachusetts common law. In August 2002 Lynne Christensen and the Superintendent of Kingston Schools, Gordon Noseworthy, executed a three year contract employing Lynne Christensen as Principal. The contract term ran from August 12, 2002 through June 30, 2005. Without any due process, Ms. Christensen was terminated. Ms. Christensen was informed by letter dated May 14, 2004 that Superintendent Noseworthy had decided to eliminate her principalship, effective June 30, 2004.

Plaintiff Lynne Christensen alleges the Defendants denied her due process rights, that the Defendants breached her employment contract when they eliminated her position, and that the Defendants violated the covenant of good faith and fair dealing.

### Jurisdiction and Venue

This Court has jurisdiction and venue pursuant to the United States Constitution and Federal statutes, 28 U.S.C. §§1331, 1343, 1367, and 42 U.S.C. 1983.

### Parties

1. Plaintiff Lynne Christensen is an adult resident of the Commonwealth of Massachusetts who resides at 11 Highview Terrace, Bridgewater, Massachusetts, 02334.
2. Plaintiff Lynne Christensen is a public employee.
3. Defendant Kingston School Committee is a public employer with a principal place of business in Kingston, Massachusetts, in Plymouth County.
4. Defendant Gordon Noseworthy is an adult resident of the Commonwealth of Massachusetts.
5. Mr. Noseworthy is the Superintendent of Schools for Kingston, Massachusetts.

### Exhaustion of Administrative Remedies

6. There are no administrative remedies Ms. Christensen needs to exhaust.
7. The hearing and arbitration provision of Massachusetts General Laws, Chapter 71, §41 is inapplicable to Ms. Christensen.

8. There is no provision in the contract that requires pursuing an administrative remedy.

## Factual Allegations

9. Ms. Christensen was first employed as a Principal in the Kingston School District in August 2002.

10. Ms. Christensen's contract for employment with Kingston ran from August 12, 2002 through June 30, 2005.

11. The contract specified Ms. Christensen's salary schedule as follows: August 12, 2002 through June 30, 2003 was $77,000.00; July 1, 2003 through June 30, 2004 was $80,080.00, and; July 1, 2004 through June 30, 2005 was to be $83,283.00.

12. Among other benefits, Ms. Christensen was entitled to health insurance, life insurance, sick leave, bereavement leave, personal business, workers compensation coverage, course reimbursement, vacation, and retirement benefits.

13. Ms. Christensen was informed on or before May 14, 2004 that she was being terminated from employment effective June 30, 2004.

14. Ms. Christensen was informed by letter, from Superintendent Noseworthy, dated May 14, 2004 that her principal position was being eliminated.

15. The decision to eliminate Ms. Christensen's principalship was made by Superintendent Noseworthy.

16. The May 14, 2004 letter stated that due to fiscal constraints and reorganization of administration of the elementary schools in Kingston, the number of principals was being reduced to one.

17. Mr. Noseworthy decided that the one principal was not going to be Ms. Christensen.

18. Ms. Christensen's position was eliminated effective June 30, 2004.

19. There is no provision in Ms. Christensen's employment contract allowing the Defendants to terminate the contract before its expiration date.

20. There is no provision in Ms. Christensen's employment contract allowing the Defendants to terminate the contract before its expiration date due to reorganization.

21. There is no provision in Ms. Christensen's employment contract allowing the Defendants to terminate the contract before its expiration date due to fiscal constraints.

22. Massachusetts General Laws, chapter 71, §42, 7th paragraph which permits the lay off of teachers due to reorganization or fiscal constraints, is inapplicable to Ms. Christensen as she is a principal and expressly excluded from coverage of M.G.L. c. 71, §42 by the operation of M.G.L. c. 71, §41, paragraph 3.

23. Ms. Christensen was not afforded a hearing with the decision maker prior to the decision to terminate her contract.

24. Ms. Christensen was not afforded a hearing with the decision maker after the decision to terminate her contract.

25. Defendants violated Ms. Christensen's due process rights in terminating Ms. Christensen's contract.

26. Defendants violated Ms. Christensen's due process rights by not affording her an opportunity for a pre-termination hearing.

27. Defendants violated Ms. Christensen's due process rights by not affording her an opportunity for a post-termination hearing.

28. Defendants violated Ms. Christensen's rights by breaching the employment contract.

## COUNT ONE – FEDERAL DUE PROCESS VIOLATION

29. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-28 above.

30. In terminating Ms. Christensen the Defendants violated her Due Process guarantees under the United States Constitution.

31. As a direct and proximate result of Defendants' conduct, Ms. Christensen has suffered and continues to suffer damages, including, but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, and attorney's fees and costs.

## COUNT TWO- STATE DUE PROCESS VIOLATION

32. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-31 above.

33. In terminating Ms. Christensen the Defendants violated her Due Process guarantees under the Massachusetts Declaration of Rights.

34. As a direct and proximate result of Defendants' conduct, Ms. Christensen has suffered and continues to suffer damages, including, but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of

personal and professional reputation, other financial losses, and attorney's fees and costs.

### COUNT THREE- §1983 VIOLATION

35. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-34 above.

36. In terminating Ms. Christensen the Defendants violated 42 U.S.C. 1983.

37. As a direct and proximate result of Defendants' conduct, Ms. Christensen has suffered and continues to suffer damages, including, but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, and attorney's fees and costs.

### COUNT FOUR- BREACH OF CONTRACT

38. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-37 above.

39. In terminating Ms. Christensen the Defendants breached the contract between themselves and Ms. Christensen.

40. As a direct and proximate result of Defendants' conduct, Ms. Christensen has suffered and continues to suffer damages, including, but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, and attorney's fees and costs.

### COUNT FIVE- VIOLATIONOF THE COVENANT OF GOOD FAITH AND FAIR DEALING

41. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-40 above.

42. In terminating Ms. Christensen the Defendants violated the covenant of good faith and fair dealing.

43. As a direct and proximate result of Defendants' conduct, Ms. Christensen has suffered and continues to suffer damages, including, but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, and attorney's fees and costs.

## PRAYER FOR RELIEF

Wherefore, Ms. Christensen requests this Court:

A. award compensatory damages against the Defendants;

B. order Defendants to reinstate Ms. Christensen with back pay and full benefits;

C. award Ms. Christensen punitive damages, and;

D. award Ms. Christensen reasonable attorney's fees, costs, interest and relief the Court deems just.

Ms. Christensen demands jury trial on all counts triable to a jury.

                                      Respectfully submitted for Lynne Christensen,
                                      By her attorneys,

                                      _____
                                      Terence P. Noonan  BBO#648712
                                      Kathryn M. Noonan  BBO#373340
                                      Law Office of Kathryn M. Noonan
                                      1150 Walnut Street
                                      Newton, MA. 02461
                                      (617) 969-4518

Dated: August 13, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Lynne Christensen v. Kingston School Committee_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   04 11773 WGY

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES     (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)     NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Terence P. Noonan_
ADDRESS _1150 Walnut St. Newton MA 02161_
TELEPHONE NO. _(617) 969-9518_

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lynn Christensen

**DEFENDANTS**
Kingston School Committee and Gordon L. Noseworthy in his professional capacity as Superintendent of Kingston Schools

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Terence P. Noonan
Kathryn M. Noonan
Law Office of Kathryn M. Noonan
1150 Walnut St. Newton, MA 02161
617-964-4518

ATTORNEYS (IF KNOWN)
Unknown

**04 11773 WGY**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- Insurance
- Marine
- Miller Act
- Negotiable Instrument
- Recovery of Overpayment & Enforcement of Judgment
- Medicare Act
- Recovery of Defaulted Student Loans (Excl. Veterans)
- Recovery of Overpayment of Veteran's Benefits
- Stockholders' Suits
- Other Contract
- Contract Product Liability

**REAL PROPERTY**
- Land Condemnation
- Foreclosure
- Rent Lease & Ejectment
- Torts to Land
- Tort Product Liability
- Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ Fair Labor Standards Act
- ☐ Labor/Mgmt. Relations
- ☐ Labor/Mgmt. Reporting & Disclosure Act
- ☐ Railway Labor Act
- ☐ Other Labor Litigation
- ☒ 791 Empl. Ret. Inc Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
USC 1331, 1343, 1367, 1983. Defendants have breached plaintiff's individual employment contract and violated her due process protection against employer under Federal Constitution and the State Due Process Rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,105,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY     JUDGE _____     DOCKET NUMBER _____

DATE 8/12/04
SIGNATURE OF ATTORNEY OF RECORD
Terence P. Noonan

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____