UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNNE CHRISTENSEN,<br>　　　　Plaintiff<br><br>v.<br><br>KINGSTON SCHOOL COMMITTEE,<br>AND GORDON L. NOSEWORTHY IN<br>HIS PROFESSIONAL CAPACITY AS<br>SUPERINTENDENT OF KINGSTON<br>SCHOOLS,<br>　　　　Defendants | CIVIL ACTION NO. 04-11773WGY |

**MOTION OF DEFENDANTS, KINGSTON SCHOOL COMMITTEE, AND
GORDON L. NOSEWORTHY IN HIS PROFESSIONAL CAPACITY AS
SUPERINTENDENT OF KINGSTON SCHOOLS, TO DISMISS**

　　　　The Defendants Kingston School Committee and Gordon L. Noseworthy in His Professional Capacity as Superintendent of Kingston Schools submit this Memorandum in Support of their Motion to Dismiss the Plaintiff's Complaint. Plaintiff's Complaint contains five (5) counts against all Defendants; Count I – Federal Due Process Violation, Count II – State Due Process Violation, Count III - §1983 Violation, Count IV – Breach of Contract and Count V – Violation of the Covenant of Good Faith and Fair Dealing.

　　　　The crux of the Plaintiff's Complaint against the Defendants is that the Defendants violated Ms. Christensen's federal and state civil rights, breached a contract which Defendants had with her and violated the covenant of good faith and fair dealing when they eliminated her position as a principal in the Kingston Public School system due to fiscal constraints and the reduction of the number of elementary school principals in Kingston from two (2) to one (1). As grounds for their Motion, the Defendants state

they are entitled to dismissal of the Plaintiff's Complaint because it fails to, and cannot, state a claim for which relief may be granted as:

1. Defendants are entitled to dismissal of Plaintiff's claims for violation of state and federal substantive due process rights and violation of 42 U.S.C. § 1983 because she cannot establish a protected property interest in her employment with the Kingston Public Schools;

2. Plaintiff's claim for violation of state and federal procedural due process should be dismissed because Plaintiff cannot establish that she was deprived of a protected property interest without due process of law;

3. Defendants are entitled to dismissal of Plaintiff's breach of contract claim because her three-year contract term is unenforceable as a matter of public policy; and

4. Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing because she was not an at-will employee and she was not deprived of compensation for past services.

Defendants also rely on and refer the Court to their Memorandum of Law filed simultaneously herewith and incorporated herein by reference.

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, alternatively, if all federal counts are dismissed but state claims still exist, dismiss the Complaint in part as appropriate under Fed. R. Civ. P. 12(b)(6) and dismiss the remaining state claims under Rule 12(b)(1).

        Kingston School Committee, and Gordon L. Noseworthy in His Professional Capacity as Superintendent of Kingston Schools
By their attorneys,

For Defendants,

/s/ Rebecca J. Wilson
_____

Rebecca J. Wilson, BBO #529980
Jennifer L. Markowski, BBO #655927
*Peabody & Arnold, LLP*
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

    I, Rebecca J. Wilson of Peabody & Arnold LLP, Defendants' counsel, hereby certify under Local Rule 7.1 that on September 30, 2004, I spoke with Plaintiff's counsel, Kathryn Noonan, by telephone to discuss Defendants' Motion to Dismiss in order to determine if we could narrow or resolve the issues presented in the Defendants' Motion to Dismiss. I have conferred with Plaintiff's counsel in good faith to resolve or narrow the issues before the Court on this Motion. Counsel for the parties have been unable to resolve these issues.

        /s/ Rebecca J. Wilson
        Rebecca J. Wilson