UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LYNNE CHRISTENSEN,**<br>          **Plaintiff**<br><br>**v.**<br><br>**KINGSTON SCHOOL COMMITTEE, AND GORDON L. NOSEWORTHY IN HIS PROFESSIONAL CAPACITY AS SUPERINTENDENT OF KINGSTON SCHOOLS,**<br>          **Defendants** | **CIVIL ACTION NO. 04-11773WGY** |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I.   INTRODUCTION

The Defendants Kingston School Committee and Gordon L. Noseworthy in His Professional Capacity as Superintendent of Kingston Schools submit this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.  This Reply addresses four (4) erroneous legal assertions and/or conclusions contained in Plaintiff's Opposition:

1)   Plaintiff fails to recognize the distinction between the kind of property interest that may implicate substantive due process and 42 U.S.C. § 1983 and the type of property interest that may implicate procedural due process;

2)   The Plaintiff erroneously relies upon *Coyne v. City of Somerville* for a proposition for which the case does not stand;

3)   The Plaintiff erroneously contends that MGL ch. 71, § 41's procedural requirements do not apply to the Plaintiff because she had not been employed in her position for more than three years; and

   4)  Contrary to the position she takes in her Opposition, the plaintiff conceded in her Complaint she was given pre-termination notice.

II. THE PLAINTIFF FAILS TO RECOGNIZE THE DISTINCTION BETWEEN THE KIND OF PROPERTY INTEREST THAT MAY IMPLICATE SUBSTANTIVE DUE PROCESS AND 42 U.S.C. § 1983 AND THE TYPE OF PROPERTY INTEREST THAT MAY IMPLICATE PROCEDURAL DUE PROCESS.

  Plaintiff has not and cannot establish a property interest entitled to substantive due process protection or protection under 42 U.S.C § 1983. In her Opposition to the Defendants' Motion to Dismiss, Plaintiff attempts to define a property interest entitled to procedural due process protections and "let that argument suffice for the substantive due process violation" and presumably for the alleged violation of § 1983. (Opp. 2-3, fn2)  The Plaintiff confounds the "deprivation of property interest requirement" for her substantive due process and 42 U.S.C. § 1983 with her procedural due process claims and, in doing so, misses the point.  Interestingly, the only case the Plaintiff has cited to for support that she was deprived of a protected property interest goes to great length to carve out the distinction between the type of property interest that must be shown to establish a substantive due process violation and one that must be shown to establish a procedural due process violation.  (Opp. 3; citations omitted).  The plaintiff overlooks this distinction and unabashedly mischaracterizes the decision.  Magistrate Judge Cohen[1] clearly recognized that "[n]ot every property interest is entitled to the protection of substantive due process."  770 F. Supp. 740, 747 (D. Mass. 1991).  "While a property interest created under state law will receive the protections of procedural due process, only those property rights derived under the Constitution receive the protections of substantive due process".  *Id.* citing *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J. concurring).  Only those

---

[1] Although the Plaintiff attributes the opinion in *Coyne v. City of Somerville*, to Judge Tauro, Judge Tauro accepted the Report and Recommendations on Defendants' Motion to Dismiss which was actually authored by Magistrate Judge Cohen.  770 F. Supp. at 741.

interests that are viewed as fundamental under the Constitution are protected by the substantive due process clause. *Id.* at 747-48. For example, matters involving procreation, marriage, and family life may invoke the protections of substantive due process. *Id.*; *see also* Mot. to Dismiss 5-7. "Violations of state statutes and contracts do not offend substantive due process." *Coyne*, 770 F. Supp. at 749. The Plaintiff fails to address this distinction and goes on to erroneously rely on *Coyne* for the purported proposition that because the Plaintiff had a three year contract she had a legitimate expectation that her employment would continue and therefore a protected property interest, under substantive due process, could be found in her employment contract.

III.   THE PLAINTIFF ERRONEOUSLY RELIES UPON *COYNE V. CITY OF SOMERVILLE* FOR A PROPOSITION FOR WHICH THE CASE DOES NOT STAND.

The Plaintiff erroneously cites to *Coyne v. City of Somerville* for a proposition for which it does not stand. The Plaintiff claims that *Coyne* supports her assertion that the Plaintiff had a "protected property interest in her continued employment with her public employer." (Opp. 3-4) Specifically, in her Opposition the Plaintiff states that as "succinctly put by District Court Judge Tauro . . .the question is whether Christensen has stated an actionable § 1983 claim relating to her due process rights turns on whether she had a legitimate expectation that her contract with her employer would be honored." (Opp. 3; internal quotations omitted) What the Plaintiff actually cites to is a Footnote wherein Magistrate Judge Cohen makes reference to how the plaintiff framed the issue for the Court. The Court cites to the plaintiff's assertion only to demonstrate that Coyne was not proceeding on a "shocks the conscience" substantive due process theory. *Coyne*, 770 F. Supp. at 746. Nowhere does the Court adopt the issue as framed by the plaintiff. In fact, as is clear from Magistrate Judge Cohen's opinion, he ultimately rejected the plaintiff's contention and found there was no violation of substantive due process rights. *Id.* at 746-750.

3

Other than the misplaced citation to *Coyne*, the Plaintiff offers absolutely no support for her contention that her employment contract provided her with a constitutionally protected property interest. Instead, the Plaintiff argues that the cases cited to by the Defendants are inapplicable to this case. Without restating their argument, the Defendants address one primary fault in the Plaintiff's analysis.

On page six (6) of her Opposition the Plaintiff disputes that *Downing v. City of Lowell* is applicable to this matter. On the contrary, the case which most clearly addresses the principles at issue in this case is *Downing v. City of Lowell*, 50 Mass. App. Ct. 779 (2001). Although the Plaintiff correctly states that *Downing* addressed the issue of nonrenewal of a principal's contract, the proposition cited to by the Defendants in support of the Motion to Dismiss' is not altered by that fact. The proposition upon which the Defendants rely is "a principal serving under contract does not have a constitutionally protected property interest in his employment." *Id.* 785. The Plaintiff contends the proposition quoted above only applies in circumstances where a principal's contract is not renewed. However, neither *Downing* nor the cases cited to therein make such a distinction.

Had the Appeals Court so intended it could have simply said a principal does not have a constitutionally protected property interest in the renewal of his contract – or beyond the life of the contract. It did not. Rather, the Appeals Court made a broad and blanket assertion that principals serving under a contract do not have a constitutionally protected property interest in their employment. There is no implication in its decision that the Appeals Court meant for its statement to apply only to nonrenewal situations.

IV.  THE PLAINTIFF ERRONEOUSLY CONTENDS THAT MASS. GEN. LAWS CH. 71, § 41'S PROCEDURAL REQUIREMENTS DO NOT APPLY TO THE PLAINTIFF BECAUSE SHE HAD NOT BEEN EMPLOYED IN HER POSITION FOR MORE THAN THREE YEARS.

In a transparent attempt to circumvent the requirements of Mass. Gen. Laws ch. 71, § 41,

and salvage her procedural due process claim, the Plaintiff alleges that the procedural protections set forth therein did not apply to her because she had not served as a principal for more than three years. Although the Plaintiff accuses the Defendants of "either willfully or inadvertently misapplying M.G.L. c. 71, § 41," (Opp. 8), it is the Plaintiff who ignores the plain language of the statute and misrepresents to the Court what the statute states. In cursory fashion, the Plaintiff contends the right to a hearing and appeal only applies to principals who have served in that position for more than three years. She contends that since she was employed less than three years, she could not avail herself of the statute's procedural safeguards. The statute explicitly states:

> . . . A principal, assistant principal, department head or other supervisor who has served in that position in the public schools of the district for three consecutive years shall not be dismissed or demoted except for good cause. Only a superintendent may dismiss a principal. A principal, assistant principal, department head or other supervisor shall not be dismissed unless he has been furnished with a written notice of intent to dismiss with an explanation of the grounds for dismissal, and, if he so requests, has been given a reasonable opportunity within fifteen days after receiving such notice to review the decision with the superintendent at which meeting such employee may be represented by an attorney or other representative to present information pertaining to the bases for the decision and to such employee's status. A principal, assistant principal, department head or other supervisor may seek review of a dismissal or demotion decision by filing a petition with the commissioner for arbitration. . . . MASS. GEN. LAWS ch. 71, § 41, ¶ 3.

The first sentence provides that a principal who has served in that position for more than three consecutive years shall not be dismissed except for good cause. Thus, principals who have served for more than three years have additional protection in that they can only be dismissed for good cause. The rest of Paragraph three applies to all principals regardless of length of service. The Plaintiff has cited to no case to support a contrary interpretation nor does the plain language of the statute require another interpretation.

V.	THE PLAINTIFF RECEIVED PRE-TERMINATION NOTICE OF HER TERMINATION.

Contrary to the claims made in her Opposition, in her Complaint the Plaintiff concedes she received pre-termination notice of her termination. She admits that on or before May 14, 2004 she was informed that her position was being terminated effective June 30, 2004. She also admits she was informed by letter from Superintendent Noseworthy dated May 14, 2004 that her principal position was being eliminated effective June 30, 2004. It is disingenuous for the Plaintiff to now allege she never received pre-termination notice. (Opp. 5, 7)

VI.	CONCLUSION

For the reasons set forth in the Defendants Motion to Dismiss and Reply, the allegations set forth in the Plaintiff's Complaint even when viewed in the light most favorable to the Plaintiff, fail to set forth any cognizable theory of recovery and the Complaint should be dismissed in its entirety in accordance with Fed. R. Civ. P. 12(b)(6). Further, in the event this Court finds that the Plaintiff's state claims survive a Rule 12(b)(6) motion to dismiss and the federal claims do not, Defendants request this Court decline to exercise its pendent jurisdiction and dismiss the remaining common law claims under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Copeland v. Hill*, 680 F. Supp. 466, 469 (D. Mass. 1988) (declining to exercise pendent jurisdiction over state law claims and dismissing same for lack of subject matter jurisdiction after federal claims summarily dismissed).

WHEREFORE, Defendants renew their request this Honorable Court dismiss the Plaintiff's Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or alternatively, dismiss the Complaint in part as appropriate under Fed. R. Civ. P. 12(b)(6) and the remaining Counts, if any, under Rule 12(b)(1).

Kingston School Committee, and Gordon L.
Noseworthy in His Professional Capacity as
Superintendent of Kingston Schools
By their attorneys,

For Defendants,

/s/ Rebecca J. Wilson
_____
Rebecca J. Wilson, BBO #529980
Jennifer L. Markowski, BBO #655927
*Peabody & Arnold, LLP*
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100