UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

```
FILED
IN CLERKS OFFICE

2005 FEB -2  P 4: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LYNNE CHRISTENSEN
    Plaintiff

                              Civil Action No. 04-11773-WGY

v.

KINGSTON SCHOOL COMMITTEE, AND
GORDON L. NOSEWORTHY IN HIS PROFESSIONAL
CAPACITY AS SUPERINTENDENT
OF KINGSTON SCHOOLS,
    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S SUPPLEMENTARY SUBMISSION IN RESPONSE TO THE COURT'S ORDER

After the November 16, 2004 hearing on Defendants' Motion to Dismiss, this Court requested from Plaintiff copies of any letters and/or memoranda from the Massachusetts Department of Education in support of Plaintiff's contention that the arbitration provisions of Massachusetts General Laws c. 71, §§41 and 42 are inapplicable to principals with less than 3 years of service in the same school district. On December 2, 2004, Plaintiff's counsel complied with this court's request and submitted documents germane to that inquiry.

Plaintiff Lynne Christensen now additionally submits to this Court a public document from the Commissioner of the Massachusetts Department of Education,

1

David P. Driscoll, to assistant City Solicitor for Peabody, Daniel B. Kulak, and Attorney Olinda Marshall, dated December 15, 2004. (Attachment A). In this letter, Commissioner Driscoll concludes that assistant principals with less than three consecutive years of service in the same school district have no right to statutory arbitration. This letter, in addition to those already submitted, specifically articulates the Department of Education's position regarding the inapplicability of c. 71, §§41, and 42's arbitration provision to principals who have less than three years service in the same school district, identical to Plaintiff Christensen.

The Plaintiff respectfully thanks this Court for its time and efforts in this matter. If this Court needs any further information, Plaintiff Christensen will provide it.

Respectfully submitted for Lynne Christensen,
By her attorneys,

_____
Terence P. Noonan  BBO#648712
Kathryn M. Noonan  BBO#373340
Law Office of Kathryn M. Noonan
1150 Walnut Street, Newton, MA. 02461
(617) 969-4518

Dated: February 1, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 2/1/05

2



# The Commonwealth of Massachusetts
# Department of Education

350 Main Street, Malden, Massachusetts 02148-5023          Telephone: (781) 338-3000

December 15, 2004

Olinda Marshall
MacDonald & Associates
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01772

Daniel B. Kulak
Assistant City Solicitor
City of Peabody
40 Lowell Street, Suite 14
Peabody, MA 01960

RE:   Request for Arbitration for Anthony Polito, Assistant Superintendent,
      Peabody Public Schools

Dear Ms. Marshall and Mr. Kulak:

I have received Ms. Marshall's request for arbitration filed on behalf of Anthony Polito. Mr. Polito does not qualify for statutory arbitration under M.G.L. ch. 71, §§ 41 or 42. Massachusetts General Laws, chapter 71, section 41 provides that principals, assistant principals, department heads, and other supervisors who have been in their positions for three consecutive school years, cannot be dismissed or demoted except for good cause, and are entitled to arbitrate dismissal or demotion decisions. While the statute does not make specific reference to assistant superintendents, it is not necessary for me to address that issue. As Mr. Polito had not been in his position for three consecutive school years, he is not eligible for arbitration under the statute.

If you have any questions regarding this decision, you may address them to Lucy Wall, legal counsel for the Department of Education.

Very truly yours,

David P. Driscoll
Commissioner of Education

C:   Lucy A. Wall, Legal Counsel