**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LYNNE CHRISTENSEN,<br>         **Plaintiff**<br><br>**v.**<br><br>KINGSTON SCHOOL COMMITTEE,<br>AND GORDON L. NOSEWORTHY IN<br>HIS PROFESSIONAL CAPACITY AS<br>SUPERINTENDENT OF KINGSTON<br>SCHOOLS,<br>         **Defendants** | **CIVIL ACTION NO. 04-11773WGY** |

**RESPONSE OF DEFENDANTS, KINGSTON SCHOOL COMMITTEE, AND
GORDON L. NOSEWORTHY IN HIS PROFESSIONAL CAPACITY AS
SUPERINTENDENT OF KINGSTON SCHOOLS, TO PLAINTIFF'S
SUPPLEMENTARY SUBMISSIONS**

Since the November 16, 2004 hearing on Defendants' Motion to Dismiss,

Plaintiff has submitted three letters from the Commissioner of Education[1] in response to

the Court's request for any letters and/or memorandum from the Massachusetts

Department of Education in support of the Plaintiff's Opposition to Defendants' Motion

to Dismiss.  The Defendants hereby briefly respond to these supplementary submissions.

As an initial point, the opinions expressed in the letters submitted by the Plaintiff

are not binding on this Court and should be afforded limited deference.  *See Board of*

*Education v. Assessor of Worcester*, 368 Mass. 511, 515-516; 333 N.E.2d 450, 453

(1975) (noting that although the Supreme Judicial Court will consider the application and

---

[1] Defendants note that the earliest letter came from Robert V. Antonucci and the two
subsequent letters came from David P. Driscoll.

interpretation of statutes by the agency charged with their enforcement, the agency's

application and interpretation is not binding).  The Defendants are aware of no case law

interpreting the provisions of Massachusetts General Laws ch. 71, § 41 in circumstances

similar to the facts surrounding the termination of the Plaintiff's employment.

Second, as discussed in Defendants Motion to Dismiss, because the Plaintiff did

not have a protected property interest in her continued employment, the Plaintiff's

procedural due process claim must fail irrespective of the applicability of Massachusetts

General Laws ch. 71, §§ 41 and 42.  (See Defendants' Memorandum of Law in Support

of Their Motion to Dismiss, p. 9)

Lastly, even assuming the Plaintiff did have a protected property interest, the

opinions expressed within the Commissioners' letters primarily address the issue of

whether a principal who has been employed for less than three (3) years, such as the

Plaintiff, is entitled to arbitration.  Assuming the existence of a protected property

interest, due process considerations do not require that an individual be given access to

arbitration.  What is required, and what Defendants argue that Massachusetts General

Laws ch. 71, § 41 provides, is that the plaintiff be given notice and a hearing before being

dismissed.  In this case, the Plaintiff was given notice but she never requested a hearing

with the Superintendent.  Whether she is entitled to or was given an opportunity to

arbitrate her claim is of no relevance to an analysis of whether Plaintiff's due process

claims should be dismissed.

Defendants hereby respectfully thank this Court for its continued consideration of

this matter.

Kingston School Committee, and Gordon L.
Noseworthy in His Professional Capacity as
Superintendent of Kingston Schools
By their attorneys,

For Defendants,

/s/ Jennifer L. Markowski

_____

Rebecca J. Wilson, BBO #529980
Jennifer L. Markowski, BBO #655927
*Peabody & Arnold, LLP*
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

I, Jennifer L. Markowski, hereby certify that on the 15th day of February 2005, I electronically filed the Response of Defendants, Kingston School Committee, and Gordon L. Noseworthy in his Professional Capacity as Superintendent of Kingston Schools, to Plaintiff's Supplementary Submissions and served the same by first class mail upon the following:

Terence F. Noonan
Kathryn M. Noonan
Law Office of Kathryn M. Noonan
1150 Walnut Street
Newton, MA  02461
617-969-4518

/s/ Jennifer L. Markowski

_____

Jennifer L. Markowski

3