UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

```
*************************************************
```

LYNNE CHRISTENSEN
    Plaintiff

                                            Civil Action No. 04-11773-WGY

v.

KINGSTON SCHOOL COMMITTEE, AND
GORDON L. NOSEWORTHY IN HIS PROFESSIONAL
CAPACITY AS SUPERINTENDENT
OF KINGSTON SCHOOLS,
    Defendants
```
*************************************************
```

PLAINTIFF'S RESPONSE TO DEFENDANTS' FEBRUARY 15, 2005 SUBMISSION

      At the behest of this Court counsel for Plaintiff Lynne Christensen has submitted letters from the Department of Education detailing their policy, procedure, and practice in addressing the administrative remedies available to Principals with less than three years of service in a particular school district. Counsel, mindful of the specific Order of this Court, did not advocate for a particular reading of the documents, but instead, appreciating the Court's interest in obtaining the documents and studying their contents, remained neutral.

      Counsel for Plaintiff must, unfortunately, quickly address the unasked for arguments contained in Defendants' February 18, 2005 submission ostensibly concerning the documents. Defendants make three arguments. In seriatim we respond:

    1. Plaintiff is providing the Court with letters from the Massachusetts Commissioner of Education to support a contention counsel made at oral

argument that the Department did not apply the arbitration provision of C. 71 to principals with less than 3 years of service in the same school district. Plaintiff stands by this contention and the letters submitted from the Department bear him out. Further, Plaintiff does not contend the letters are binding on this Court, but rather, believes this Court will give the documents whatever deference they are due.

2. Plaintiff Christensen had a reasonable expectation that her contractual employment with her public employer would continue throughout the contractually agreed to term. In other words, she had a protected property interest in her continued employment with her public employer.

3. Plaintiff Christensen was not given notice of, or a hearing prior to, or following, the decision to terminate her. It was a fait accompli. As the attachment to Defendants' Motion to Dismiss makes clear, on or about May 14, 2004, Christensen was informed the decision to terminate had been made.

Plaintiff thanks this Court for its continued attentiveness to this matter.

Respectfully submitted for Lynne Christensen,
By her attorneys,

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on Feb. 22, 2005.

Terence P. Noonan  BBO#648712
Kathryn M. Noonan  BBO#373340
Law Office of Kathryn M. Noonan
1150 Walnut Street
Newton, MA. 02461
(617) 969-4518

Dated: February 22, 2005